BAO SONG GAO, Petitioner,

v.

Eric H. HOLDER Jr., United States

Attorney General,[1] Respondent.

No. 08–2984–ag.

United States Court of Appeals,
Second Circuit.

May 14, 2009.

Douglas B. Payne, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Scott Rempell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Bao Song Gao, a native and citizen of the People's Republic of China, seeks review of a June 10, 2008 order of the BIA, affirming the January 16, 2007 decision of Immigration Judge ("IJ") Noel Anne Fer-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for for- mer Attorney General Michael B. Mukasey as respondent in this case.

ris, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bao Song Gao*, No. A98 775 942 (B.I.A. June 10, 2008), *aff'g* No. A98 775 942 (Immig. Ct. N.Y. City Jan. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to review the IJ's decision insofar as it pretermitted Gao's untimely asylum application, and we dismiss the petition for review to this extent. *See* 8 U.S.C. § 1158(a)(3). Moreover, we note that Gao forfeited any challenge to the agency's denial of his application for CAT relief by not pursuing the claim in this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We turn then to Gao's challenge to the agency's denial of his application for withholding of removal.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

██ The IJ reasonably found numerous deficiencies in Gao's claims of past persecution and fear of future persecution. The IJ reasonably found that Gao had not even established his identity. He did not produce an identification card and admitted that he had not asked anyone in China to look for his identification card. Gao also admitted that he never asked for birth certificates for the two children he claimed to have fathered. Moreover, Gao submitted the household registration booklet of his brother, which lists Gao's alleged second child as the eldest child of Gao's brother.

██ The only claim of past persecution was a 1995 incident when he was detained for one night, hit in the chest, and kicked in the back after complaining that his wife had been forced to have an abortion. The IJ reasonably concluded that this incident, although doubtless unpleasant, is insufficient to establish past persecution.

██ The IJ reasonably concluded that Gao had failed to prove that is it more likely than not that he will be persecuted, especially in view of the fact that his alleged wife returned to China and, though fined, was not sterilized. Moreover, the IJ noted that Gao had produced no evidence of a marriage, the alleged wife has now died, and the IJ reasonably concluded that there is no basis for believing that Gao would face sterilization upon his return to China.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).